UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:16CV00514 AGF<br>) |
| HARMS-TROESSER CONSTRUCTION CO., and RICHARD HARMS, individually, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff brought this action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), for amounts due by Defendant Harms-Troesser Construction Co. to certain employee benefit funds. Richard Harms was named as a Defendant based on his purported signing of a personal guarantee agreeing to be personally liable for any ERISA delinquent payments due to Plaintiffs, including assessed damages and costs. Now before the Court is Plaintiffs' motion for leave to file an amended complaint replacing Richard Harms with two different individuals, Leon Troesser and Carl Harms. Plaintiffs explain that during informal discovery, Plaintiffs' attorney learned that the signator of the guarantee was not the current "owner" Richard Harms but rather the two prior "owners," Leon Troesser and Carl Harms.

Defendants oppose the motion, asserting that Leon Troesser and Carl Harms signed the guarantee in their corporate capacities and thus cannot be personally liable under Missouri law. Attached to their response is a copy of the guarantee.

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile. *Reuter v. Jax Ltd.,* 711 F.3d 918, 922 (8th Cir. 2013). Defendants are correct that under Missouri law, an individual signing a guarantee in his corporate capacity cannot be held personally liable on the guarantee. However, from examination of the guarantee in this case, it appears far more likely that Leon Troesser and Carl Harms signed it in their personal capacities. Even though after their signatures the words "v. pres" and Pres." appear, respectively, the text of the guarantee suggests that they were signing the guarantee in their personal capacities as owners of the company. As such, the Court cannot conclude that it would be futile to permit the amendment requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file an amended complaint replacing the individual Defendant is **GRANTED**. (Doc. No. 26.)

**IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint replacing Defendant Richard Harms with new Defendants Leon Troesser and Carl Harms, and shall obtain service on the newly-named Defendants within 28 days of the date of this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2016

2